# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL SCOTT PIETILA,<br><br>Plaintiff,<br><br>v.<br><br>CAPTAIN KYLE TRITT,<br><br>Defendant. | Case No. 17-CV-1586-JPS |
| MICHAEL SCOTT PIETILA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY WESTRA, GRANT ROPER, BRIAN SCHMIDT, ANN YORK, JACOB ARONSON, and MICHAEL CLARK,<br><br>Defendants. | Case No. 17-CV-1587-JPS<br><br>**ORDER** |

1. **INTRODUCTION**

Plaintiff filed both of these actions on November 13, 2017. In *Pietila v. Tritt*, Plaintiff was allowed to proceed on a claim under the Eighth Amendment against Captain Kyle Tritt, a correctional officer at Waupun Correctional Institution, for depriving Plaintiff of various necessities. *Pietila v. Tritt*, 17-CV-1586-JPS ("*Pietila I*"), (Docket #14). In *Pietila v. Westra*, the Court permitted Plaintiff to present a claim of excessive force, also a violation of his Eighth Amendment rights, against Jeremy Westra, Grant Roper, Brian Schmidt, Ann York, Jacob Aronson, and Michael Clark, all

members of Waupun's security staff. *Pietila v. Westra et al.*, 17-CV-1587-JPS ("*Pietila II*"), (Docket #10).

In early May 2018, Defendants moved for summary judgment in both cases on the basis of Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *Pietila I*, (Docket #20); *Pietila II*, (Docket #19). Plaintiff has filed a number of documents in each case since that time, some of which are responsive to the motions, but none of which are terribly coherent. In any event, his time in which to respond to Defendants' motions has now expired. For the reasons explained below, Defendants' motions must be granted.

## 2. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

## 3. BACKGROUND

### 3.1 Plaintiff's Failure to Dispute the Material Facts

The facts relevant to each motion are undisputed because Plaintiff failed to dispute them. In the Court's scheduling orders, entered in March 2018, Plaintiff was warned about the requirements for opposing a motion

for summary judgment. *Pietila I*, (Docket #18 at 3); *Pietila II*, (Docket #14 at 3). Accompanying those orders were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendants' motions for summary judgment, they too warned Plaintiff about the requirements for his responses as set forth in Federal and Local Rules 56. *Pietila I*, (Docket #20 at 1–2); *Pietila II*, (Docket #19 at 1–2). He was provided with additional copies of those rules along with Defendants' motions. *Pietila I*, (Docket #20 at 3–11); *Pietila II*, (Docket #19 at 3–11).

In neither case did Plaintiff file a response to a statement of facts or any evidence of his own. Rather, as mentioned above, Plaintiff submitted a series of documents, only some of which appear responsive to the motions for summary judgment. *See Pietila I*, (Docket #24) (styled a "motion for default summary judgment," but arguably a brief in response to the summary judgment motion), (Docket #27) (response to a motion to stay filed by defendant); *Pietila II*, (Docket #23) (brief styled a "reply" to the summary judgment motion), (Docket #26) (reply to a prior motion filed by Plaintiff). Even those documents which seem responsive make no attempt to dispute Defendants' factual contentions. *Pietila I*, (Docket #24); *Pietila II*, (Docket #23).

One wrinkle remains, however. In *Pietila I*, the motion materials also included a statement of facts, as required by Local Rule 56. *Pietila I*, (Docket #22); Civ. L. R. 56(b)(1)(B). Such a statement is absent in *Pietila II*. The Court will, nevertheless, excuse Defendants' noncompliance with the Local Rules in this instance. The only evidence relied upon in *Pietila II* is a three-page affidavit, a three-page printout of Plaintiff's complaint-filing history, and a copy of Wisconsin's statewide procedures for filing inmate complaints.

*Pietila II*, (Docket #21, #21-1, and #22). Plaintiff's submissions included no evidence at all, suggesting that he has none to oppose that of Defendants. Further, he did not object to their noncompliance with the Local Rules or argue that their presentation of the facts was erroneous. *See id.* (Docket #23).[1]

Despite being twice warned of the strictures of summary judgment procedure in each case, Plaintiff ignored those rules by failing to properly dispute Defendants' proffered evidence with his own relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court will, unless otherwise stated, deem Defendants' assertions of fact undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

### 3.2 Exhaustion of Prisoner Administrative Remedies

It will be helpful to review how the PLRA's exhaustion requirement plays out in the Wisconsin prison system prior to relating the relevant facts. The PLRA establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's

---

[1] Defendants' procedural foible was saved only by the exceedingly simple nature of their motion and the relevant evidence. The Court expects strict compliance with the applicable rules in all future filings in this action and any other.

administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). Several important policy goals animate the exhaustion requirement, including restricting frivolous claims, giving prison officials the opportunity to address issues internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith*, 255 F.3d at 450–51.

Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). Exhaustion is a precondition to suit; a prisoner cannot file an action prior to exhausting his administrative remedies or in anticipation that they will soon be exhausted. *Hernandez v. Dart*, 814 F.3d 836, 841–42 (7th Cir. 2016); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A lawsuit must be dismissed even if the prisoner exhausts his administrative remedies during its pendency. *Ford*, 362 F.3d at 398.

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. There are two steps inmates must take to exhaust their administrative remedies under the ICRS. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ DOC 310.07(1), 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ DOC 310.08, 310.09(4), 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing

authority. *Id.* § DOC 310.11(6).² If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ DOC 310.07(2), 310.11. The reviewing authority may accept or reject the ICE's recommendation. *Id.* § DOC 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within ten days. *Id.* §§ DOC 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ DOC 310.07(7), 310.14.

### 3.3 Relevant Facts

To review, in *Pietila I*, Plaintiff complains that he was intentionally denied access to clothes, a mattress, toilet paper, and other hygiene items. *Pietila I*, (Docket #14 at 6). This went on for about a month in April and May, 2017, while Plaintiff was in punitive segregation. *Id.* In *Pietila II*, Plaintiff alleges that the defendants physically and sexually assaulted him on April 1, 2017. *Pietila II*, (Docket #10 at 4–5, 7). Plaintiff has filed dozens of inmate complaints during his time in custody, but according to Tonia Moon, the ICE at Waupun, none concern the events of either of these cases. *See Pietila I*, (Docket #23 and #23-1); *Pietila II*, (Docket #21 and #21-1).

---

²The ICRS defines a "reviewing authority" as "the warden, bureau director, administrator or designee who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(2).

4.  **ANALYSIS**

Defendants' submissions demonstrate that Plaintiff has failed to exhaust his administrative remedies. He never filed an inmate complaint as to his allegations in either case, much less carried such complaints through the entire ICRS process. Plaintiff responds to Defendants' motions in the same way. He claims that he could not file inmate complaints around the time of the alleged misconduct because he was severely mentally disturbed. *Pietila I*, (Docket #24); *Pietila II*, (Docket #23). However, the ICRS provides that an ICE may accept a complaint filed after the fourteen-day deadline upon a showing of good cause. Wis. Admin. Code § DOC 310.07(2). Plaintiff could have filed inmate complaints as soon as he regained his mental faculties, asking that his tardiness be excused. Plaintiff's failure to even attempt to proceed through this route means that he has not exhausted his administrative remedies.[3]

5.  **CONCLUSION**

Plaintiff failed to contest the evidence Defendants proffered. Viewing the undisputed facts in the light most favorable to Plaintiff, the Court is obliged to conclude that these lawsuits must be dismissed because he failed to properly exhaust his administrative remedies. Both actions will, therefore, be dismissed without prejudice.[4] The various other motions

---

[3] Had he filed a late complaint, which was then rejected on those grounds, Plaintiff's case might present an interesting question on what it means for administrative remedies to be "available." On the facts presented, however, the question is of no moment.

[4] Although it is unclear whether Plaintiff will be able to complete the ICRS process for his claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford*, 362 F.3d at 401.

pending in both cases will all be denied as moot. *Pietila I*, (Docket #24 and #25); *Pietila II*, (Docket #18).

Accordingly,

**IT IS ORDERED** that Defendant Captain Kyle Tritt's motion for summary judgment *Pietila I*, (Docket #20), be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Jeremy Westra, Grant Roper, Brian Schmidt, Ann York, Jacob Aronson, and Michael Clark's motion for summary judgment, *Pietila II*, (Docket #19), be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for default summary judgment, *Pietila I*, (Docket #24), and for default judgment, *Pietila II*, (Docket #18), and Defendant Captain Kyle Tritt's motion to stay discovery, *Pietila I*, (Docket #25) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that both *Pietila v. Tritt*, 17-CV-1586-JPS and *Pietila v. Westra*, 17-CV-1587-JPS be and the same are hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge